■ In the Matter of the NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION, Relative to Acquiring Title to Certain Real Property in Connection with the Convention Center Civic Project in the Borough of Manhattan. PATRICK MURRAY, Doing Business as MURRAY'S AUTO BODY Co., Appellant; JOAN T. SCOTT et al., Respondents. — Order of the Supreme Court, New York County (Mangan, J.), entered January 28, 1981, which directed that the New York Convention Center Development Corporation's check for $12,500 payable to the clerk of the Supreme Court be refunded to the maker and a new

check be issued in that amount to Joan Scott, unanimously reversed, on the law, without costs and respondent Scott directed to deposit the sum of $12,500 with the clerk of the Supreme Court. This case arises out of the acquisition of land for the construction of the new convention center on the west side of Manhattan. The condemning authority, the New York Convention Center Development Corporation (NYCCDC), in an effort to reach a settlement prior to the actual application to condemn, undertook negotiations with the property owners of the land to be included in the convention center area. Among them was respondent Joan Scott, the owner of a building situated at 459 Eleventh Avenue, with whom the NYCCDC entered into an agreement. Pursuant to the terms of the contract between Scott and the NYCCDC, $12,500, the appraised value of the fixtures, would be added to the purchase price if the seller were to deliver the premises free and clear of tenants. The tenants in possession at the time were Mountain Valley Water and Patrick Murray, appellant here, who was the operator of an auto repair business located in the building. Although Mountain Valley Water departed without incident, the appellant became embroiled in a dispute with Scott over the bonus money, the result of which was her commencement, on March 12, 1980, of an action seeking an injunction against Murray to compel him to vacate the premises. Murray responded by obtaining an order to show cause to restrain interference with his tenancy. In the meantime, the NYCCDC had, on February 27, 1980, filed a *lis pendens* in connection with condemnation of the site. The ensuing condemnation proceeding was assigned to the Condemnation Part of the Supreme Court. On March 24, 1980, the return date of the application to condemn the property, Scott and Murray, through their attorneys, entered into a stipulation discontinuing their respective actions. (Murray's order to show cause was returnable in the Condemnation Part, whereas Scott's suit was being heard by another Supreme Court Justice.) The stipulation was consented to by the NYCCDC and stated that the convention center would, pending the final determination of the fixtures claim, deposit with the clerk of the court the $12,500 under contention provided that the defendant (Murray) "commence said action or proceeding * * * for the alleged fixture award within 30 days from the date of this stipulation". If this were not done, the $12,500 would be delivered to the plaintiff (Scott) without further order. The convention center would, accordingly, be released from any liability regarding acquisition of the Scott property. Murray did not institute a new action or proceeding within the required 30-day period, but he did file, before expiration of the stipulated time, a notice of claim for a fixtures award. When Scott's attorney, who was holding the NYCCDC check, attempted to deposit it with the clerk of the court, the clerk apparently refused acceptance on the ground that there was no separate and independent action by Murray against Scott pending in the court. Thereafter, by order to show cause dated June 10, 1980, Scott sought permission to have the $12,500 check, now payable to the court clerk, returned to the NYCCDC and a replacement check issued to her for the same amount. Scott's attorney asserted that Murray's notice of claim was not adequate to meet the requirements of the action or proceeding contemplated by the stipulation. In response, Murray argued that he did start an action when he filed the notice of claim and that, further, Scott had not fully complied with the stipulation because the check had not been deposited with the court clerk. After a hearing on the matter, the court below granted Scott's application and directed the NYCCDC to make out a check to her in the sum of $12,500. The basis for the decision was that a notice of claim does not, in fact, constitute the commencement of an action and that, further, since by stipulation the parties had agreed to release the NYCCDC from any claims arising out of the condemnation proceedings,

the condemnation court no longer had jurisdiction over the matter. According to EDPL 501: "(B) In all claims arising from the acquisition of real property other than as provided in subdivision (A) of this section, the supreme court, held in the judicial district where the real property or any portion thereof is situated, shall have exclusive jurisdiction to hear and determine all claims arising from the acquisition of real property and shall hear such claims without a jury or without referral to a referee or commissioners." Although the court recognized the jurisdiction of the Condemnation Part to hear the dispute concerning the fixtures award, the stipulation was held to have altered the situation by removing the condemnor from the scene. However, this view of the matter is contradicted by EDPL 304 (subd [D]), which provides that: "In the event an owner accepts the offer as payment in full or as an advance payment for property in an acquisition under supreme court jurisdiction pursuant to subdivision (B) of section five hundred one of this chapter and the condemnor determines that there is a conflict of title or a conflict arises over the percentage of the condemnation award which should be paid to each of several owners of interests in the condemned property, the condemnor shall, unless it is otherwise agreed, deposit the full or advance payment, as the case may be, with the clerk of the supreme court having jurisdiction of the claim." At issue here is a conflict by interested parties (Scott and Murray) over that portion of the condemnation settlement relating to the fixtures award. The stipulation merely incorporated the procedure established under section 304, which authorizes continuing jurisdiction by the Condemnation Part to determine the rights to the fixtures bonus. Moreover, the distinction made by the court between filing a notice of claim and commencing an action or proceeding involves an overly technical interpretation and ignores CPLR 103, which states in subdivision (a) that there is only one form of civil action and in subdivision (c) that if "[the] court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." Thus, the notice of claim was sufficient to invoke the jurisdiction of the Condemnation Part, as well as to comply with the terms of the stipulation, particularly since the agreement does not clearly indicate that Murray had to bring a separate plenary action. Under these circumstances, Scott's failure to deposit the check with the court clerk was a breach of the stipulation. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.